|,MAX N. TOBIAS, JR., Judge.
We grant the application for a supervisory writ filed by the state of Louisiana seeking review of an order of the trial court directing that the defendant, Clarence B. Foy (“Foy”), be released from jail after a finding of no probable cause arising out of a preliminary examination ordered by the court on its own motion. The state presented no evidence at the preliminary examination; it’s witness failed to appear as had occurred previously. A motion to suppress evidence is set for 22 August 2003.
The docket master of Criminal District Court reflects the following: On 6 March 2003, Foy was charged by bill of informa *690 tion with possession of heroin, a violation of La. R.S. 40:966. He was arrested and incarcerated. Foy appeared for arraignment on 12 March 2003; because he had no counsel, the court appointed the Orleans Indigent Defender Program to represent him for the arraignment only. Foy entered a plea of not guilty and a hearing to determine counsel was set for 24 March 2003. On 24 March, Foy appeared without counsel and the motion was reset for 16 April 2003. On 16 April, Foy again appeared without counsel for a | ¡.hearing on motions (which are not specifically identified but apparently included a motion for a preliminary examination to determine probable cause); the matter was reset for 2 May 2003. On 2 May, Foy appeared for the hearing with counsel, Michael F. Melton (“Melton”). The motions were reset for 23 May 2003. For reasons not clear to this court, the matter came for hearing on 22 May 2003; Foy did not appear and the matter was reset for 26 June 2003. On 26 June, Foy and Melton appeared in court, but the matter was again reset for 10 July 2003. On 10 July, Foy again appeared with Melton, but the matter was reset for 17 July 2003. At the hearing on 17 July, the state argued that the motions, including a hearing for a preliminary examination, could not go forward because Foy had not filed written motions with accompanying written memoranda of law and fact as required by court rule.[1] We note that the state does not allege that it was not aware that a | .^preliminary examination was going to be tried on 17 July 2003. The state had failed to note or object at any earlier scheduled hearing that no written motion had been filed by the defendant.
During this whole time, Foy has remained incarcerated.
We first note that Melton was suspended from the practice of law by judgment of the Louisiana Supreme Court on 30 May 2003. In re Melton, 03-0516 (La.5/30/03), 848 So.2d 519,. Melton did not apply for a rehearing of his suspension from the practice of law and thus the Supreme Court’s decision became final on 13 June 2003. Accordingly, Melton inappropriately appeared and represented Foy *691 at the 26 June, 10 July, and 17 July 2003 hearings.
The state in support of its application cites to La.C.Cr.P. art. 292, which provides:
The court, on request of the state or the defendant, shall immediately order a preliminary hearing in felony cases unless the defendant has been indicted by a grand jury.
After the defendant has been indicted by a grand jury, the court may rescind its order for a preliminary examination.
An order for a preliminary hearing in felony cases may be granted by the court at any time, either on its own motion or on request of the state or of the defendant before or after the defendant has been indicted by a grand jury.
[4The state, however, only quoted a portion of the codal article to this court, omitting reference to the portion of the law that permits the trial court to order a preliminary examination on its own motion. As La.C.Cr.P. art. 292 implicitly makes clear, a written motion is not required for a preliminary examination when the court orders one on its own motion.
We find the state’s reliance on State v. Holmes, 388 So.2d 722 (La.1980) and State v. Johnson, 529 So.2d 466 (La.App. 1 Cir.1988) misplaced for both cases deal with the right of a defendant to a preliminary examination once he has been indicted by a grand jury. In the case at bar, no grand jury indictment is present; Foy’s prosecution commenced upon the filing of a bill of information. Here, the preliminary examination was apparently granted by the court on its own motion; it required neither written motion nor memorandum of law.
We note that our law requires an accused to file a written motion for the following:
(a) motion to quash (La.C.Cr.P. art. 536);
(b) motion for continuance (La.C.Cr.P. art. 707)[2];
(c) motion for a change of venue (La. C.CrJP. art. 621);
(d) motion to recuse a judge (La.C.Cr.P. arts. 674 and 679);
(e) motion to recuse the district attorney (La.C.Cr.P. art. 681); and
(f) motion in arrest of judgment (La. C.Cr.P. art. 860).
Under certain conditions or circumstances as set forth in the statute, written motions are required for the following:
|5(a) motion for new trial (La.C.Cr.P. art. 852);
(b) motion for additional time to file a pretrial motion (La.C.Cr.P. art. 521)[3];
(c) motion to amend, modify, or reconsider sentence (La.C.Cr.P. arts. 881 and 881.1);
(d) motion to produce a portion of the district attorney’s file after sentence (La.C.Cr.P. art. 822(B));
(e) motion to set aside a guilty verdict or plea of guilty (La.C.Cr.P. art. 822(A));
(f) motion to suppress evidence (La. C.Cr.P. art. 703); and
(g) motion to amend or modify sentence after sentence is imposed (La.C.Cr.P. art. 822(A)).[4]
*692 In any case where the defense is required to file a written motion or a written motion is necessitated by the circumstances, the rules of Criminal District Court mandate a memorandum of law of fact. We do not address whether the trial court can waive the requirement of a memorandum of law.
We conclude that the state has not shown an error committed by the trial court. Further, we find on the record before us no abuse of the trial court’s vast discretion or any error committed by the trial court. The state presented no evidence at the 17 July 2003 hearing establishing that probable cause existed for the arrest of Foy.
For the foregoing reasons, we deny relief to the state and recall our stay of 17 July 2003, which prevented the release of the defendant, Clarence B. Foy, from his current incarceration on the charge of possession of heroin.

WRIT GRANTED; RELIEF DENIED; STAY RECALLED.

ARMSTRONG, J., dissents.

.We note Rule 15.1 of the uniform rules applicable to all district courts states:
All motions, ex parte, or otherwise, must be filed with the clerk of court and served on all opposing parties, except as otherwise provided by law. Service on the district attorney shall be accomplished by mailing a copy to the district attorney, unless the court has adopted an alternate method of service. Those courts that have adopted an alternative method of service on the district attorney are listed on Appendix 15.
The Criminal District Court has adopted a further rule set forth in Appendix 15:
Motion must be filed in open court. Minute entry prepared and motion placed in record. When motion filed, counsel is responsible for serving opposite counsel.
We note further Criminal District Court rules that have application to the case before us. Appendix 11, Miscellaneous, subsection 4 reads as follows:
All motions are to be filed in the Section in which the matter is pending. After filing, motions are to be delivered to the respective Section which will then schedule a hearing for the motion to be heard. The Clerk shall then notify the defense counsel and the District Attorney of the date of the hearing. The minute clerks are in no way responsible for the delivery of motions to the Judges.
Appendix 14, subsections 2, and 3 read as follows:
2.All pleadings shall be in writing, properly endorsed and filed in Open Court.
3.All Motions filed by defense counsel in any case in this Court shall be accompanied by an applicable Memorandum on the law and the facts of the case. Such Motion shall not be accepted by the Minute Clerk or the Clerk of Court when a Memorandum in [sic] not filed with the Motion
The state cited this court to obsolete rules of court.

. We note that an oral motion for continuance can be made at other times under appropriate circumstances.

. By implication, a pretrial motion does not have to be in writing.

.Our listing of motions is intended to be illustrative and not all-inclusive.